**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **JULIE CARPER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PSC CONSTRUCTION SERVICES, LLC (d/b/a "PSC, INC."),**<br><br>**Defendant.** | **Case No.: 4:14-cv-00283**<br><br>**PLAINTIFF'S COMPLAINT AND JURY DEMAND** |

**COMES NOW** the Plaintiff, Julie Carper, by and through her attorneys, the Sherinian & Hasso Law Firm, and for her cause of action against Defendant PSC Construction Services, LLC (d/b/a "PSC, INC") states as follows:

## JURISDICTION AND VENUE

1. This is an action authorized and instituted pursuant to the 1964 Civil Rights Act, 42 U.S.C. § 2000(e) et seq. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343.

2. The unlawful employment practices alleged below have been committed within the Southern District of Iowa, Central Division. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

1. Plaintiff Julie Carper (hereinafter "Carper") is and was at all times relevant hereto a citizen and resident of Boone, Boone County, Iowa.

2. Upon information and belief, Defendant PSC Construction Services, LLC, d/b/a "PSC, INC" (hereinafter "PSC") is an Iowa corporation authorized to do business in the state of Iowa, with its principal place of business in Blair, Nebraska.

## CONDITIONS PRECEDENT

3. Within 300 days from the date of the acts of discrimination, Carper filed charges against PSC with the Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto as "Exhibit 1".

4. On April 17, 2014, the EEOC issued a Right-to-Sue on behalf of Carper, a copy of which is attached hereto as "Exhibit 2".

## COUNT I: SEX DISCRIMINATION
**42 U.S.C. § 2000*e et seq.***
**(Carper v. PSC)**

5. Plaintiff Carper incorporates by reference all preceding paragraphs as if set forth fully herein.

6. PSC is an "employer" within the meaning of 42 U.S.C. § 2000(e) *et seq.*

7. Carper was employed by PSC from June 18, 2012 to December 12, 2012.

8. Carper was qualified to perform her job duties and was meeting the legitimate expectations of her employment.

9. Carper was treated differently than her co-workers, who were all male.

10. PSC terminated Carper's employment on December 12, 2012, allegedly because she took unauthorized breaks, her cell phone usage and because she received car rides from the parking lot to the office.

11. Other employees were not disciplined, nor terminated, for similar behavior.

12. The true reason Carper was terminated was due to her sex and in retaliation for Carper's complaint of sexual harassment and discrimination in the workplace, in violation of 42 U.S.C. § 2000*e et seq.*

13. As a proximate cause of PSC's unlawful acts, Carper has suffered lost wages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment and other non-pecuniary losses.

14. PSC acted with malice and/or reckless indifference for the rights of Carper, who is, therefore, entitled to punitive damages.

**WHEREFORE** Plaintiff Carper respectfully prays that this Court enter judgment against Defendant PSC, and award her damages, including damages for emotional distress, mental anguish, compensatory relief, lost wages and benefits, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

**COUNT II: SEXUAL HARASSMENT**
**42 U.S.C. § 2000(e) *et seq.***
**(Carper v. PSC)**

15. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

16. Johnson told Carper on October 1, 2012, to "give me [Johnson] a blow job and that is not a proposition."

17. After the October incident in 2012, Johnson continued to harass Carper; specifically, Johnson fondled Carper's hair, touched her face, pulled her eyelashes, hit her over the head with a glove, told her to "shut up" and on numerous occasions subjected her to obscene language.

18. Johnson's conduct constituted a hostile work environment in violation of 42 U.S.C. § 2000(e) *et seq.*

19. Carper reported Johnson's conduct to Dave Mulder, Superintendent, approximately three days following the October 1, 2012 incident.

20. Dave Mulder failed to investigate Johnson's conduct; however, he claimed he would report Johnson's behavior to the President of PSC, Dennis Fenderson.

21. On approximately December 8, 2012, Jeanna Fenderson, Vice President of PSC, called Carper and asked her if the allegations she made about Johnson's behavior were true. Carper confirmed the allegations were true.

22. Jeanna Fenderson told Carper that Johnson's conduct would be investigated.

23. Thereafter, PSC failed to properly investigate the issue of sexual harassment and discrimination in the workplace.

24. PSC failed to take prompt and appropriate action to remedy the sexual harassment which Carper was experiencing.

25. As a proximate cause of PSC's unlawful conduct, Carper has suffered damages.

26. PSC acted with malice and/or reckless indifference for the rights of Carper, who is, therefore, entitled to punitive damages.

**WHEREFORE** Plaintiff Carper respectfully prays that this Court enter judgment against Defendant PSC, and award her damages, including damages for emotional distress, mental anguish, compensatory relief, lost wages and benefits, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

**COUNT III: RETALIATION**
**42 U.S.C. § 2000(e) *et seq.***
**(Carper v. PSC)**

27. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

28. On approximately October 4, 2012 and December 7, 2012, Carper complained of what she reasonably believed to be sexual harassment and discrimination in the workplace.

29. Following Carper's complaint to Dave Mulder in October of 2012, about Johnson's behavior, Johnson's conduct toward Carper worsened.

30. For example, Johnson began speaking to Carper in a much more aggressive tone and in a belittling manner, implying that she was ignorant or incapable.

31. PSC retaliated against Carper and terminated her employment on December 12, 2012, because she complained of what she reasonably believed to be sexual harassment and discrimination in the workplace.

32. PSC's retaliatory conduct violated 42 U.S.C. § 2000(e) *et seq.*

33. As a proximate cause of PSC's unlawful conduct, Carper has suffered damages.

34. PSC acted with malice and/or reckless indifference for the rights of Carper, who is, therefore, entitled to punitive damages.

WHEREFORE Plaintiff Carper respectfully prays that this Court enter judgment against Defendant PSC, and award her damages, including damages for emotional distress, mental anguish, compensatory relief, lost wages and benefits, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## JURY DEMAND

35. Plaintiff hereby requests trial by jury in this matter.

Respectfully Submitted,

**SHERINIAN & HASSO LAW FIRM**

By ______________________
Mark D. Sherinian AT0007173
E-mail: sherinianlaw@msn.com

By ______________________
Melissa C. Hasso AT0009833
E-mail: mhasso@sherinianlaw.com
630 Colony Park
3737 Woodland Ave.
West Des Moines, IA 50266
Telephone (515) 224-2079
Facsimile (515) 224-2321
ATTORNEYS FOR PLAINTIFF